1  Michele Molinario, Bar #020594
   Derek R. Graffious, Bar #033486
2  JONES, SKELTON & HOCHULI, P.L.C.
   40 North Central Avenue, Suite 2700
3  Phoenix, Arizona  85004
   Telephone:  (602) 263-1700
4  Fax:  (602) 200-7831
   mmolinario@jshfirm.com
5  dgraffious@jshfirm.com

6  STERLING T. SOLOMON
   FLAGSTAFF CITY ATTORNEY
7  MARIANNE E. SULLIVAN (AZ 021609)
   SENIOR ASSISTANT CITY ATTORNEY
8  211 West Aspen Ave.
   Flagstaff, AZ  86001
9  Telephone:  (928) 213-3376
   Fax: (928) 774-4087
10 msullivan@flagstaffaz.gov

11

12 Attorneys for Defendants City of Flagstaff,
   Nicholas Jacobellis, and Ryan Sherf
13

14               **UNITED STATES DISTRICT COURT**

15                   **DISTRICT OF ARIZONA**

16 Elizabeth Krakauer individually, and as          NO. 3:20-cv-08090-GMS-ESW
   guardian of Brandon Gabriel Goodwin,
17                                                   **DEFENDANTS' ANSWER TO**
                                          Plaintiffs, **PLAINTIFF'S FIRST AMENDED**
18                                                   **COMPLAINT**
        v.
19
   City of Flagstaff, an Arizona municipality;
20 Nicholas Jacobellis, in his individual and
   official capacities, and Jane Doe Jacobellis,
21 husband and wife; Ryan Sherf, in his
   individual and official capacities, and Jane Doe
22 Sherf, husband and wife,

23                                          Defendants.

24

25         Defendants  City  of  Flagstaff,  Nicholas  Jacobellis,  and  Ryan  Sherf  (collectively

26 "Defendants"),[1] by and through undersigned counsel, for their Answer to Plaintiffs' First

27 _____
           [1] Defendants Jane Doe Jacobellis and Jane Doe Sherf have not been served a copy
28 of the Complaint and Summons.

Amended Complaint ("FAC"), hereby admit, deny, and allege as follows:

Defendants deny each and every, all and singular, of the allegations contained in Plaintiffs' FAC and each claim for relief thereof which is not hereinafter expressly admitted or otherwise pled to.

A jury trial is requested.

## JURISDICTION AND VENUE

1.      In answering Paragraph 1 of Plaintiffs' FAC, Defendants admit only that this court has jurisdiction over this case. In so admitting, Defendants make no admissions regarding the sufficiency of Plaintiffs' allegations, which they specifically deny.

2.      In answering Paragraph 2 of Plaintiffs' FAC, Defendants assert that no answer is required as this paragraph improperly calls for a legal conclusion. To the extent that an answer is required, Defendants admit that at all relevant times Defendants Jacobellis and Sherf were/are Flagstaff Police Officers and were/are employed by the City of Flagstaff. Defendants admit that in certain circumstances the City of Flagstaff may be subject to civil suit for wrongful conduct of its officers and/or officers acting within the course and scope of employment with the City of Flagstaff Police Department. Defendants assert that the City of Flagstaff is entitled to all protections and immunities available to such governmental entities under the United States Constitution, Arizona Constitution, Arizona, and federal law. Additionally, Defendants deny the allegations in Paragraph 2 to the extent it alleges they committed any wrongdoings or violated any constitutional right or the ADA.

3.      In answering Paragraph 3 of Plaintiffs' FAC, Defendants admit only that this court has venue over this case.

## PARTIES

4.      In answering Paragraph 4 of Plaintiffs' FAC, Defendants are without sufficient information or knowledge to form a belief about the truth of the matters asserted and, therefore, deny the same. Defendants further deny the allegations in this paragraph to the extent it purports to allege that Goodwin was receiving "treatment" under Title 36 of

2

the Arizona Revised Statutes.

5.     In answering Paragraph 5 of Plaintiffs' FAC, Defendants are without sufficient information or knowledge to form a belief about the truth of the matters asserted and, therefore, deny the same.

6.     In answering Paragraph 6 of Plaintiffs' FAC, Defendants admit only that at all relevant times, Defendant Jacobellis was/is employed by the City of Flagstaff as a Police Sergeant and Defendant Sherf was/is employed by the City of Flagstaff as a Police Officer.  Both Defendants are married.

7.     In answering Paragraph 7 of Plaintiffs' FAC, Defendants assert that no answer is required as this paragraph improperly calls for a legal conclusion. To the extent that an answer is required, the Defendants admit only that the City of Flagstaff, Arizona is a political subdivision of the State of Arizona and deny the remaining allegations in Paragraph 7.

**GENERAL ALLEGATIONS**

8.     In answering Paragraphs 8–10 of Plaintiffs' FAC, Defendants are without sufficient information or knowledge to form a belief about the truth of the matters asserted and, therefore, deny the same.

9.     In answering Paragraph 11 of Plaintiffs' FAC, Defendants admit only that the Coconino County Jail is located next to the Flagstaff Police Department that is co-located with the Coconino County Sheriff's Office. As to the remaining allegations, Defendants are without sufficient information or knowledge to form a belief about the truth of the matters asserted and, therefore, deny the same.

10.     In answering Paragraph 12 of Plaintiffs' FAC, Defendants admit the allegations.

11.     In answering Paragraph 13 of Plaintiffs' FAC, Defendants admit that Defendant Jacobellis responded to the call and activated his Axon body camera on the way. Defendants further admit that Defendant Jacobellis stopped directly in front of Goodwin and that Krakauer was a few feet behind Goodwin. As to the remaining

3

allegations, Defendants are without sufficient knowledge or information to admit or deny the allegations contained within and, therefore, deny the same.

12.    In answering Paragraph 14 of Plaintiffs' FAC, Defendants admit the allegation; however, Defendants deny the characterization that Plaintiff "turned to look fearfully" at Sgt. Jacobellis.

13.    In answering Paragraph 15 of Plaintiffs' FAC, Defendants are without sufficient information or knowledge to form a belief about the thoughts of Plaintiff Krakauer, and therefore deny the allegation of what she was thinking. Defendants admit the remaining allegations.

14.    In answering Paragraph 16 of Plaintiffs' FAC, Defendants admit that Krakauer and Sgt. Jacobellis had a discussion, which was recorded on Sgt. Jacobellis' body camera, and that a portion of this discussion is contained in the allegations. Defendants affirmatively assert, however, that not all the statements made by Krakauer during that discussion are contained in Paragraph 16.

15.    In answering Paragraph 17 of Plaintiffs' FAC, Defendants admit Officer Sherf arrived in the parking lot, watched Plaintiff Goodwin walk away, and had a conversation with Sgt. Jacobellis. Defendants deny that Krakauer was standing only feet away and within earshot of this conversation as according to the body camera footage she was at the end of the patrol vehicle approximately 20 feet away from the officers, walking away and talking on her phone as the officers were having a conversation. Defendants deny the remaining allegations.

16.    In Answering Paragraph 18 of Plaintiffs' FAC, Defendants admit that Goodwin walked out of the parking lot that Krakauer followed him, and that Officer Sherf and Sgt. Jacobellis remained in the parking lot. Defendants deny that Officer Sherf was laughing, clapping, and joking about Goodwin's symptomatic behavior and appearance.

17.    In Answering Paragraph 19 of Plaintiffs' FAC, Defendants admit only were told by Krakauer that Goodwin had not been provided his medications for an unspecified illness while in jail for the last day.  Defendants expressly deny that they

4

knew Goodwin was seriously mentally ill.  Defendants admit they did not inquire further as both Goodwin and Krakauer walked away and the matter they were called to investigate appeared to have resolved. Defendants further assert that no crisis existed to assist with at that time. Defendants deny any remaining allegations to the extent that Plaintiffs contend that the allegations contained in Paragraph 19 of Plaintiffs' FAC purport to allege a viable cause of action against Defendants.

18.    In Answering Paragraph 20 of Plaintiffs' FAC, Defendants admit the allegations generally, but Defendants are without sufficient knowledge and information to understand what Plaintiffs mean by "little traffic" and therefore denies the same.

19.     In Answering Paragraph 21 of Plaintiffs' FAC, Defendants admit that Police Aide Eastin was driving on Sawmill Road when he observed Goodwin standing in the middle of the road walking back and forth from the curb to the center line and observed multiple vehicles stopping in the roadway to avoid hitting him. Defendants admit that Police Aide Eastin radioed Sgt. Jacobellis as the man he observed matched the description of the man who had been on the call Sgt. Jacobellis and Officer Sherf responded to in front of the police station. Defendants deny the remaining allegations.

20.    In Answering Paragraph 22 of Plaintiffs' FAC, Defendants admit only that Sgt. Jacobellis and Officer Sherf responded to the area where Goodwin was observed to be in the middle of the street and that Officer Sherf activated his body camera while driving to that area. Defendants deny the remaining allegations.

21.    In Answering Paragraph 23 of Plaintiffs' FAC, Defendants assert that the body camera footage shows several vehicles on the street as the officers respond to Goodwin's location and that Police Aide Eastin's vehicle can be seen pulled off on a side road. Defendants further admit that the officers proceeded to the location where Goodwin was in the street and that they did not contact Krakauer while en route to Goodwin. Defendants deny the remaining allegations.

22.    In Answering Paragraph 24 of Plaintiffs' FAC, Defendants admit only that the body camera footage filmed by Officer Sherf as he left the police station parking lot

5

does not show Goodwin walking in the road until the officers had stopped their vehicles once they reached them. Defendants deny, however, that no vehicles had to take evasive action or stop to avoid hitting Goodwin and that Goodwin was, at all times, walking on the side of the road entirely outside the lane of travel. Defendants affirmatively assert that Police Aide Eastin observed Goodwin in the road and vehicles having to stop in the roadway to avoid hitting Goodwin before Officer Sherf and Sgt. Jacobellis left the police station parking lot. Defendants deny the remaining allegations.

23.     In Answering Paragraph 25 of Plaintiffs' FAC, Defendants admit that the body camera footage shows Sgt. Jacobellis turning on his overhead lights and pulling in front of Goodwin as he was walking in the bike lane of roadway, that another vehicle was present on the roadway in front of Sgt. Jacobellis' car, and that Goodwin walked around Sgt. Jacobellis' patrol car into the middle of the roadway instead of stopping. Defendants deny any remaining allegations.

24.     In Answering Paragraph 26 of Plaintiffs' FAC, Defendants admit that the body camera footage will show that Sgt. Jacobellis got out of his car and approached Goodwin. The body camera footage further shows that Sgt. Jacobellis was in full uniform and said to Goodwin: "Is your name Brandon?" and "Brandon we can't walk in the roadway right now." Defendants affirmatively assert that as Sgt. Jacobellis finished the last sentence, Goodwin attacked Sgt. Jacobellis. Defendants deny any remaining allegations.

25.     In Answering Paragraph 27 of Plaintiffs' FAC, Defendants admit that the body camera footage will show Sgt. Jacobellis exiting his patrol car and approaching Goodwin, who stepped backwards. At this time, Sgt. Jacobellis had his hands out in front of him and asked Goodwin the questions identified in Paragraph 26, which Goodwin did not respond to. Defendants further admit that Goodwin made circular head motion, but are without sufficient knowledge or information to admit or deny the allegations of whether Goodwin was involuntarily moving his head or displaying typical symptoms of autism or mental illness and, therefore, deny the same. Defendants further assert that as

Sgt. Jacobellis was speaking to Goodwin, Goodwin lunged at Sgt. Jacobellis.

26.     In Answering Paragraph 28 of Plaintiffs' FAC, Defendants generally admit the allegations except that Defendants deny that Sgt. Jacobellis observed Goodwin's hands.

27.     In Answering Paragraph 29 of Plaintiffs' FAC, Defendants admit that Goodwin did not respond to Sgt. Jacobellis' verbal attempt to obtain compliance from Goodwin by informing him, "Brandon we can't walk in the roadway right now." Instead Goodwin stepped towards Sgt. Jacobellis and suddenly charged and attacked Sgt. Jacobellis, pushing him in the chest. Sgt. Jacobellis was forced backwards from Goodwin's assault.  Defendants further admit that after being attacked, Sgt. Jacobellis said "Whoa Bro." Defendants deny the remaining allegations.

28.     In Answering Paragraph 30 of Plaintiffs' FAC, Defendants admit that Officer Sherf, reacting to the assault by Goodwin on Sgt. Jacobellis, came behind Goodwin and grabbed his arms and took him to the ground to control him. Defendants deny the remaining allegations.

29.     In Answering Paragraph 31 of Plaintiffs' FAC, Defendants admit that Sgt. Jacobellis and Officer Sherf used necessary reasonable force in attempting to physically restrain and gain control of Goodwin while on the ground. Goodwin continued to struggle, resist, and fight by attempting to bite both officers and biting Sgt. Jacobellis. In response to the threat of being bitten by Goodwin, reasonable force was used to prevent further attempts by Goodwin to bite them and to get Goodwin to stop resisting so that the officers could place Goodwin in handcuffs. Defendants deny the remaining allegations.

30.     In Answering Paragraph 32 of Plaintiffs' FAC, Defendants admit that Krakauer arrived to where the officers and Goodwin were located, Krakauer told Goodwin to "chill out" and told of officers to stop. Defendants admit Krakauer only advised them that Goodwin was autistic and mentally ill, after Goodwin attacked Sgt. Jacobellis and after Goodwin was handcuffed. In response Sgt. Jacobellis stated "Well he doesn't have to assault us, we just tried to talk to him." Defendants admit

7

Sgt. Jacobellis told Krakauer to "back off" as she approached them officers while they were trying to gain control of Goodwin. Defendants deny the remaining allegations. Defendants affirmatively assert that they used reasonable force in response to Goodwin's physical attack on Sgt. Jacobellis and the continued threat and attempted biting of both officers.

31.    In Answering Paragraph 33 of Plaintiffs' FAC, Defendants admit that once Goodwin was in handcuffs and was told Goodwin was under arrest, Krakauer expressed her dismay at the jail letting Goodwin out early and not giving him his medication. Defendants admit Krakauer stated to Sgt. Jacobellis "I'm going to the fucking news, okay, this is bullshit, it's not you, you didn't do this" and "I'm suing you all, I swear to god I have lawyers right now and this is . . . . it's not you, I'm not mad at you, thank you for getting him."  Defendants deny any remaining allegations.

32.    In Answering Paragraph 34 of Plaintiffs' FAC, Defendants admit that once Goodwin was in handcuffs and no longer assaulting or resisting the Officers, Sgt. Jacobellis stated "How's his head?" to which Officer Sherf responded "We need medics." Defendants further assert Sgt. Jacobellis then stated into his radio "This guy definitely gonna need medics now, Code 1 Sawmill and Butler." Defendants admit that Sgt. Jacobellis directed Officer Sherf to place Goodwin in the back of his patrol car until medics arrived. Defendants admit that Medics were called to the scene to treat any injuries Goodwin may have sustained. Defendants deny the remaining allegations.

33.    In Answering Paragraph 35 of Plaintiffs' FAC, Defendants admit that Police Aide Eastin took pictures of injuries sustained by Sgt. Jacobellis during the struggle to get Goodwin into custody after Goodwin assaulted Sgt. Jacobellis. Defendants further admit that photographs were not taken of Goodwin who was receiving medical treatment and was taken to the hospital. Defendants deny the remaining allegations.

34.    In Answering Paragraph 36 of Plaintiffs' FAC, Defendants admit that the medics cleared Goodwin indicating that he did not need to go to the hospital for treatment of his injuries. Defendants admit that Krakauer requested he be taken to the hospital to

obtain medication, which the officers allowed. Defendants admit that once Goodwin was treated at the hospital and released, he was booked into jail. Defendants deny the remaining allegations.

35.     In Answering Paragraph 37 of Plaintiffs' FAC, Defendants admit that Goodwin was treated at the hospital and Officer Sherf coordinated with hospital staff and jail medical staff to ensure Goodwin received his medication while in jail. With regard to the remaining allegations Defendants are without sufficient information or knowledge to form a belief about the truth of the matters asserted and, therefore, deny the same.

36.     In Answering Paragraph 38 of Plaintiffs' FAC, Defendants admit only that Officer Sherf was present in the hospital, mostly near the Nurse's station, when Goodwin was being treated and deny the remaining allegations.

37.     In Answering Paragraph 39 of Plaintiffs' FAC, Defendants admit that Sgt. Jacobellis spoke with Roberta McVickers about Goodwin and discussed the possibility of Goodwin going to the Guidance Center. Defendants further admit that Sgt. Jacobellis stated whether Goodwin needed to be committed would be up to the medical professionals at the hospital to decide. Defendants deny the remaining allegations.

38.     In Answering Paragraph 40 of Plaintiffs' FAC, Defendants admit that Ms. McVickers made statements about liability and Goodwin's competency, however she did not state the court had found Goodwin incompetent at the initial appearance. As to the remaining allegations, Defendants deny the same.

39.     In Answering Paragraph 41 of Plaintiffs' FAC, Defendants admit that when Goodwin was booked into jail, Jail staff provided Goodwin with a jumpsuit to change into and that while he was changing he began to yell at the detention officers and assaulted them. Upon information and belief, in response to Goodwin's assaultive behavior, he was taken by the detention officers from the bathroom and placed in a cell. At the time this occurred, Goodwin had removed his clothes and was naked. Defendants deny the allegations in this paragraph to the extent it alleges that they had any part in the conduct

1    that occurred during booking.

2          40.    In Answering Paragraph 42 of Plaintiffs' FAC, Defendants admit that

3    Officer Sherf prepared a probable cause statement for the court to consider at the initial

4    appearance, as well as a written report. Defendants deny the remaining allegations.

5          41.    In Answering Paragraph 43 of Plaintiffs' FAC, Defendants admit that

6    Officer Sherf wrote in his report and in the probable cause statement the following: "As I

7    drove up Sawmill I observed Brandon walking down the road towards Butler Ave.,

8    causing other vehicles to have to move to avoid hitting him as he was not walking on the

9    sidewalk, but along the side of the road." Officer Sherf also documented in his report that

10   "Sgt. Jacobellis was able to pull in front of Brandon and got out of his vehicle. I stopped

11   behind Brandon and got of my vehicle, standing several feet behind him, who was now in

12   the middle of the street." Defendants admit Officer Sherf documented in his report that

13   after Goodwin pushed Sgt. Jacobellis, Goodwin had both of his arms raised with fists

14   clenched in a fighting stance. Defendants deny the remaining allegations.

15         42.    In Answering Paragraph 44 of Plaintiffs' FAC, Defendants admit that

16   Sgt. Jacobellis prepared a written report documenting the events. Defendants deny the

17   remaining allegations.

18         43.    In Answering Paragraph 45 of Plaintiffs' FAC, Defendants admit that

19   Sgt. Jacobellis documented in his report the following: "I traveled up E. Sawmill Rd and

20   observed Brandon walking in the middle of the road causing a traffic backup for vehicles

21   traveling on E. Sawmill Rd. towards E. Butler Ave. Vehicles had to stop and I traveled

22   around the stopped traffic and parked in front of Brandon." Defendants admit that

23   Sgt. Jacobellis documented in his report that Goodwin had his hands in his pockets and

24   that Goodwin was disabled and had autism.   Defendants deny the remaining allegations.

25         44.    In Answering Paragraph 46 of Plaintiffs' FAC, Defendants admit that

26   Goodwin was arrested for obstructing a highway or public thoroughfare, aggravated

27   assault on a police officer, and resisting arrest and that a complaint was filed by the

28   Coconino County Attorney's Office. Defendants are without sufficient information or

knowledge to form a belief about the truth of the remaining matters asserted and, therefore, deny the same.

45.    In Answering Paragraph 47 of Plaintiffs' FAC, Defendants Admit Ms. McVickers represented Goodwin during the criminal proceedings and, upon information and belief, requested the case be dismissed. Defendants deny the remaining allegations. Under the Victim's Bill of Rights, Sgt. Jacobellis was afforded rights under the law as a victim of a crime.

46.    In Answering Paragraph 48 of Plaintiffs' FAC, Defendants admit that the criminal charges against Goodwin were dismissed by the court, Defendants are without sufficient information or knowledge to form a belief about the truth of the remaining matters asserted and, therefore, deny the same.

47.    In Answering Paragraph 49 of Plaintiffs' FAC, Defendants deny the allegations.

## FIRST CLAIM FOR RELIEF
### 4th and 14th Amendment-Wrongful Arrest- 42 U.S.C. §1983

48.    In answering Paragraph 50 of Plaintiffs' FAC, Defendants incorporate by reference their responses to Paragraphs 1 through 49 as if fully set forth herein.

49.    In Answering Paragraph 51 of Plaintiffs' FAC, Defendants assert that no answer is required as this paragraph improperly calls for a legal conclusion. To the extent that an answer is required Defendants deny the allegations.

50.    In Answering Paragraph 52 of Plaintiffs' FAC, Defendants assert that no answer is required as this paragraph improperly calls for a legal conclusion. To the extent that an answer is required, Defendants admit that Sgt. Jacobellis pulled his patrol car in front of Goodwin and approached him as Goodwin was observed in the middle of the street blocking traffic by Police Aide Eastin in violation of the law. Defendants deny the remaining allegations. Defendants deny that approaching Goodwin constitutes an arrest.

51.    In Answering Paragraph 53 of Plaintiffs' FAC, Defendants deny the allegations. Defendants affirmatively assert that probable cause existed.

**SECOND CLAIM FOR RELIEF**
**4th and 14th Amendment-Excessive Force- 42 U.S.C. §1983**

52.     In answering Paragraph 54 of Plaintiffs' FAC, Defendants incorporate by reference their responses to Paragraphs 1 through 53 as if fully set forth herein.

53.     In answering Paragraph 55 of Plaintiffs' FAC, Defendants assert that no answer is required as this paragraph improperly calls for a legal conclusion. To the extent that an answer is required, Defendants deny the allegations.

54.     In answering Paragraph 56 of Plaintiffs' FAC, Defendants assert that no answer is required as this paragraph improperly calls for a legal conclusion. To the extent that an answer is required, Defendants deny the allegations.

55.     In answering Paragraph 57 of Plaintiffs' FAC, Defendants deny the allegations.

**THIRD CLAIM FOR RELIEF**
**14th Amendment-42 U.S.C. §1983-Violation of Due Process**

56.     In answering Paragraph 58 of Plaintiffs' FAC, Defendants incorporate by reference their responses to Paragraphs 1 through 57 as if fully set forth herein.

57.     In answering Paragraph 59 of Plaintiffs' FAC, Defendants assert that no answer is required as this paragraph improperly calls for a legal conclusion. To the extent that an answer is required, Defendants deny the allegations.

58.     In answering Paragraphs 60–62 of Plaintiffs' FAC, Defendants deny the allegations.

**FOURTH CLAIM FOR RELIEF**
**Monell-Failure to Train or Supervise-42 U.S.C. §1983**

59.     In answering Paragraph 63 of Plaintiffs' FAC, Defendants incorporate by reference their responses to Paragraphs 1 through 62 as if fully set forth herein.

60.     In answering Paragraph 64 of Plaintiffs' FAC, Defendants assert that no answer is required as this paragraph improperly calls for a legal conclusion. To the extent that an answer is required, Defendants deny the allegations.

8588056.1

61.    In answering Paragraphs 65–66 of Plaintiffs' FAC, Defendants admit the allegations.

62.    In answering Paragraph 67 of Plaintiffs' FAC, Defendants admit only that the City of Flagstaff Police Department and the Chief of Police are cognizant of the issues police officers face when dealing with individuals who are mentally ill or disabled and thus have implemented appropriate policies and training. The Defendants deny the allegations contained in Paragraph 67 to the extent it purports to allege that any of the Defendants committed any wrongful or unconstitutional acts.

63.    In answering Paragraphs 68–69 of Plaintiffs' FAC, Defendants deny the allegations.

64.    In answering Paragraph 70 of Plaintiffs' FAC, Defendants assert that no answer is required as this paragraph improperly calls for a legal conclusion. To the extent that an answer is required, Defendants deny the allegations.

## FIFTH CLAIM FOR RELIEF
## ADA 42 U.S.C. §12132-Failure to Accommodate

65.    In answering Paragraph 71 of Plaintiffs' FAC, Defendants incorporate by reference their responses to Paragraphs 1 through 70 as if fully set forth herein.

66.    In answering Paragraph 72 of Plaintiffs' FAC, Defendants assert that no answer is required as this paragraph improperly calls for a legal conclusion. To the extent that an answer is required, Defendants deny the allegations.

67.    In answering Paragraph 73 of Plaintiffs' FAC, Defendants deny the allegations.

68.    In answering Paragraph 74 of Plaintiffs' FAC, Defendants deny the allegations.

69.    In answering Paragraph 75 of Plaintiffs' FAC, Defendants assert that no answer is required as this paragraph improperly calls for a legal conclusion. To the extent that an answer is required, Defendants deny the allegations.

70.    In answering Paragraph 76 of Plaintiffs' FAC, Defendants deny the

allegations.

71.    In answering Paragraph 77 of Plaintiffs' FAC, Defendants admit only that Goodwin engaged in criminal activity when he unlawfully and physically attacked Defendant Jacobellis and continued his assault on the officers throughout the encounter and therefore, possessed probable cause to arrest Goodwin. Defendants affirmatively assert that the ADA was not violated because Goodwin was not arrested for legal conduct related to his disability, but instead because he assaulted Sgt. Jacobellis, resisted arrest and continued his assault on the officers, and impeded traffic.  .

72.    In answering Paragraph 78 of Plaintiffs' FAC, Defendants deny the allegations.

### SIXTH CLAIM FOR RELIEF
### ADA-42 U.S.C. §12132-Wrongful Arrest

73.    In answering Paragraph 79 of Plaintiffs' FAC, Defendants incorporate by reference their responses to Paragraphs 1 through 78 as if fully set forth herein.

74.    In answering Paragraph 80 of Plaintiffs' FAC, Defendants assert that no answer is required as this paragraph improperly calls for a legal conclusion. To the extent that an answer is required, Defendants deny the allegations.

75.    In answering Paragraph 81 of Plaintiffs' FAC, Defendants assert that no answer is required as this paragraph improperly calls for a legal conclusion. To the extent that an answer is required, Defendants deny the allegations.

76.    In answering Paragraph 82 of Plaintiffs' FAC, Defendants deny the allegations.

### SEVENTH CLAIM FOR RELIEF
### Assault and Battery

77.    In answering Paragraph 83 of Plaintiffs' FAC, Defendants incorporate by reference their responses to Paragraphs 1 through 82 as if fully set forth herein.

78.    In answering Paragraph 84 of Plaintiffs' FAC, Defendants admit that Sgt. Jacobellis and Officer Sherf used reasonable force to control and/or restrain Goodwin in

1   response to his attacking Sgt. Jacobellis and continuing his assault by biting

2   Sgt. Jacobellis, attempting to bite Officer Sherf, struggling with the officers while on the

3   ground, and resisting the officers' attempt to place him in handcuffs. Defendants deny any

4   remaining allegations.

### EIGHTH CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress-Goodwin

7   79.   In answering Paragraph 85 of Plaintiffs' FAC, Defendants incorporate by

8   reference their responses to Paragraphs 1 through 84 as if fully set forth herein.

9   80.   In answering Paragraph 86 of Plaintiffs' FAC, Defendants assert that no

10   answer is required as this paragraph improperly calls for a legal conclusion. To the extent

11   that an answer is required, Defendants deny the allegations.

### NINTH CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress-Krakauer

14   81.   In answering Paragraph 87 of Plaintiffs' FAC, Defendants incorporate by

15   reference their responses to Paragraphs 1 through 86 as if fully set forth herein.

16   82.   In answering Paragraph 88 of Plaintiffs' FAC, Defendants deny the

17   allegations.

18   83.   In answering Paragraph 89 of Plaintiffs' FAC, Defendants admit that Sgt.

19   Jacobellis and Officer Sherf used force on Goodwin to contain him in response to his

20   attacking Sgt. Jacobellis and biting the officers and that Krakauer observed this and was

21   told to back off as she approached the officers. Defendants deny any remaining

22   allegations.

23   84.   In answering Paragraph 90 of Plaintiffs' FAC, Defendants assert that no

24   answer is required as this paragraph improperly calls for a legal conclusion. To the extent

25   that an answer is required, Defendants deny the allegations.

### TWELFTH [sic] CLAIM FOR RELIEF
### Violation of A.R.S. §36-551.01

28   85.   In answering Paragraph 94 [sic] of Plaintiffs' FAC, Defendants incorporate

by reference their responses to Paragraphs 1 through 90 as if fully set forth herein.

86.     In answering Paragraph 95 [sic] of Plaintiffs' FAC, Defendants assert that no answer is required as this paragraph improperly calls for a legal conclusion. To the extent that an answer is required, Defendants deny the allegations.

87.     In answering Paragraph 96 [sic] of Plaintiffs' FAC, Defendants assert that no answer is required as this paragraph improperly calls for a legal conclusion. To the extent that an answer is required, Defendants deny the allegations.

88.     In answering Paragraph 97 [sic] of Plaintiffs' FAC, Defendants assert that no answer is required as this paragraph improperly calls for a legal conclusion. To the extent that an answer is required, Defendants deny the allegations.

89.     In answering Paragraph 98 [sic] of Plaintiffs' FAC, Defendants assert that no answer is required as this paragraph improperly calls for a legal conclusion. To the extent that an answer is required, Defendants deny the allegations.

90.     In answering Paragraph 99 [sic] of Plaintiffs' FAC, Defendants assert that no answer is required as this paragraph improperly calls for a legal conclusion. To the extent that an answer is required, Defendants deny the allegations.

## DAMAGES

91.     In answering Paragraphs 100–102 [sic] of Plaintiffs' FAC, Defendants deny the allegations.

## <u>AFFIRMATIVE DEFENSES</u>

1.     Plaintiffs' FAC fails the requirements of Rule 8 of the Federal Rules of Civil Procedure and merely contains labels and conclusions and threadbare recitals of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

2.     Plaintiffs' FAC fails to state a claim, in whole or in part, as to some or all of the Defendants.

3.     The City of Flagstaff is not vicariously liable for the acts of its employees under any claim brought pursuant to 42 U.S.C. § 1983. *See Monell v. City of New York City Services,* 436 U.S. 658 (1978).

16

1    4.    As and for a separate affirmative defense, and in the alternative, Defendants

2    allege that Plaintiffs may have failed to comply with A.R.S. §§ 12-821 and 12-821.01.

3    5.    To the extent Plaintiffs assert state claims against these Defendants,

4    Defendants assert that Plaintiff was contributorily negligent and/or any damages received

5    by the Plaintiffs was the result of an intervening/superseding cause or occurred as a result

6    of the negligence of someone other than Defendants, all of which bars recovery to the

7    Plaintiffs herein from Defendants.

8    6.    As and for a separate affirmative defense, and in the alternative, Plaintiffs

9    may have failed to mitigate their damages, if any, thus barring or reducing any recovery

10   against Defendants.

11   7.    Defendants allege that any alleged action or inaction on their part was not

12   the proximate cause of Plaintiff's injuries, losses, and damages.

13   8.    To the extent Plaintiff asserts state claims against these Defendants, punitive

14   damages may not be awarded against a governmental entity or governmental employees

15   acting within the course and scope of their employment on any State law claim pursuant

16   to A.R.S. § 12-820.04

17   9.    Punitive damages may not be awarded against a governmental entity or

18   against individually named Defendants in their official capacity pursuant to *Smith v.*

19   *Wade,* 461 U.S. 30 (1983); *City of Newport v. Fact Concerts, Inc*., 453 U.S. 247 (1981);

20   *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. District*, 940 F.2d 397 (9th Cir. 1991).

21   10.    Plaintiffs are not entitled to punitive damages because Defendants acted in

22   good faith and without malice.

23   11.    Plaintiff has not alleged, and is not able to establish, that Defendants

24   proximately caused the deprivation of a right, privilege, or immunity protected by the

25   United States Constitution, federal law, and state law.

26   12.    Defendants assert that they are entitled to all privileges and immunities,

27   including qualified immunity, extended to governmental entities and employees under

28

17

federal law as set forth in *Hunter v. Bryant,* 112 S. Ct. 534 (1991) and *Saucier v. Katz*, 121 S. Ct. 2151 (2001).

13.    Defendant City of Flagstaff asserts that it did not have a policy, practice, or custom requiring its employees to violate the civil rights of persons arrested for and/or accused of a crime, nor did Defendant City of Flagstaff have a policy, practice, or custom of endorsing any such conduct by its employees.

14.    To the extent that Plaintiff asserts state claims against these Defendants, Defendants are entitled to all privileges and immunities extended to governmental entities and employees under state law, including those privileges and immunities provided in A.R.S. §§ 12–820.01, –820.02 and any other applicable statutory immunities provided by law.

15.    Defendants assert they acted reasonably.

16.    Defendants assert that the officers and any other employee-police officer involved in the subject incident of this action used only reasonable and necessary force under the totality of the circumstances.

17.    As and for a separate affirmative defense, and in the alternative, Defendants use of force was justified and privileged under *Graham v. Connor*, 490, U.S. 386 (1989) and *Scott v. Harris*, 550 U.S. 372 (2007).

18.    As and for a separate affirmative defense, and in the alternative, Defendants allege that they did not act with a purpose to harm or with deliberate indifference to the rights of anyone, including Plaintiffs, for reasons unrelated to the legitimate law enforcement objectives.

19.    A government employee's failure to exercise due care in the exercise of his duties is not sufficient to establish a violation of constitutional rights. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986); *Buckeye v. Cty. of Los Angeles*, 968 F.2d 791 (9th Cir. 1992); *Tennison v. City and Cty. of San Francisco*, 570 F.3d 078 (9th Cir. 2009).

/ / /

20.    Defendants allege that Defendants Jacobellis and Sherf did not act with deliberate indifference to the constitutional rights of Plaintiffs.

21.    Plaintiff's Fourteenth Amendment claims in Counts 1 and 2 are duplicative of the Fourth Amendment Claim and they should be dismissed. *See, e.g., Mays v. Gillespie*, 2016 WL 3965191, at *2 (D. Nev. July 22, 2016); *Johnson v. City of Berkeley*, 2016 WL 925058, at *7 (N.D. Cal. March 11, 2016); *see also Hamre v. City of Bothell*, 81 F. App'x 260, 262 (9th Cir. 2003) ("Because Hamre's claims [including wrongful arrest] are governed more closely by Fourth Amendment principles than by due process, we affirm the dismissal of Hamre's Fourteenth Amendment claim. (citing *Galbraith v. Cty. of Santa Clara,* 307 F.3d 1119, 1127 (9th Cir. 2002)).

22.    Probable cause is an absolute defense to Plaintiff's § 1983 and State law claims for false arrest and malicious prosecution. *Peebles v. Yamhill Cty.*, 26 Fed.Appx. 643 (9th Cir. 2001).

23.    Plaintiffs' § 1983 Malicious Prosecution claim further fails under the analysis set forth in *Tennison v. City & Cty. of S.F.*, 570 F.3d 1078 (9th Cir. 2009) and *Tatum v. Moody*, 768 F.3d 806 (9th Cir. 2014).

24.    As and for a separate affirmative defense, and in the alternative, Defendants allege that to the extent Plaintiffs purport to allege ADA claims against Defendants Jacobellis and Sherf, those claims must be dismissed. *Leibel v. City of Buckeye*, 364 F. Supp. 3d 1027, 1041 (D. Ariz. 2019), *aff'd sub nom. C.L. by & through Leibel v. Grossman*, 798 F. App'x 1015 (9th Cir. 2020) (Dismissing an ADA wrongful arrest claim against officer because "the term public entity [as used in the ADA] does not include individuals.") (citing *Voiles v. Reavis*, 2014 WL 5092664, *15 (S.D. Cal. 2014)).

25.    As and for a separate affirmative defense, and in the alternative, Defendants allege that the ADA was not violated because Goodwin was not arrested because officers misperceived the effects of Goodwin's alleged disability as criminal activity. *Sheehan v. City and Cty. of San Francisco*, 743 F.3d 1211, 1232 (9th Cir. 2014) (Title II is violated

"where police wrongly arrest someone with a disability because they misperceive the effects of that disability as criminal activity.").

26. As and for a separate affirmative defense, and in the alternative, Defendants allege that the ADA was not violated because Goodwin was not arrested for legal conduct related to his disability, but instead because he assaulted Sgt. Jacobellis, resisted arrest, continued his assault on the officers, and impeded traffic. *See Lawman v. City and Cty. of San Francisco*, 159 F.Supp.3d 1130, 1147 (N.D. Cal. 2016); *Bates ex rel. Johns v. Chesterfield Cty.*, 216 F.3d 367 (4th Cir. 2000).

27. Defendants allege that there are no plausible facts to show that the officers' actions were "by reason of his disability" or were a different response than other, similarly-situated arrestees would face.

28. Plaintiffs' ADA failure to accommodate claim fails because "any injuries [Goodwin] may have suffered were the result of the [officers'] decision to arrest him, not from [any] failure to accommodate [Goodwin's] condition after the lawful arrest was completed and the situation was defused." *Leibel*, 364 F. Supp. 3d at 1043.

29. Defendants allege that there are no allegations plausibly suggesting an accommodation was requested and denied during the subject incident.

30. Defendants did not know or should have known that Goodwin was disabled sufficient for Plaintiffs to state an ADA claim against the City.

31. Defendants reasonably detained Plaintiff for a brief duration in order to complete their lawful inquiry and resolve safety concerns. *Terry v. Ohio*, 392 U.S. 1 (1968).

32. As and for a separate affirmative defense, and in the alternative, Defendants allege that their actions were justified and in self-defense pursuant to A.R.S. §§ 13–404, 13–406, 13–409, 13–417 and, therefore, pursuant to A.R.S. § 13–420, the Court shall award reasonable attorney fees, costs, compensation for lost income and all expenses incurred by a defendant, as applicable, in the defense of this civil action based on justified conduct if Defendants prevail in this civil action.

33.     As and for a separate affirmative defense, and in the alternative, Defendants allege that they are not subject to civil liability for engaging in justified conduct pursuant to A.R.S. § 13–413.

34.     As and for a separate affirmative defense, and in the alternative, Defendants allege that Plaintiffs' A.R.S. 36–551.01 claim must be dismissed because actions under that statute can only be maintain when no other remedies exist under state or federal law. A.R.S. §551.01(S).

35.     As and for a separate affirmative defense, and in the alternative, Defendants allege that Krakauer may not be a legally appointed guardian for purposes of bringing this lawsuit on behalf of Goodwin. Fed. R. Civ. P. 17(c).

36.     Defendants Jacobellis' and Serf's spouses have not been properly served under Rule 4, Fed.R.Civ.Pro. and must be dismissed.

37.     Neither Defendants Jacobellis' and Sherf's spouses nor Defendants Jacobellis' and Sherf's marital community are proper parties in a § 1983 action. Spouses of individually named defendants are not "persons" who are liable under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989); *Bell v. City of Fife*, 2010 WL 5564047 (W.D. Wash. 2010).

38.     Plaintiff also failed to state a claim against Defendant Jacobellis' and Sherf's spouses and/or the marital communities because there is no allegation, nor can there be, that the marital community benefitted and/or that Defendants Jacobellis' and Sherf's spouse had any knowledge of or consented to any particular conduct alleged in the Complaint. *Shaw w. Greer*, 194 P.2d 430 (Ariz. 1948).

39.     Plaintiff has failed to state a claim for intentional infliction of emotional distress, as the Complaint lacks a factual basis for alleging extreme and outrageous conduct, or that Defendants Jacobellis and Sherf intended to cause Plaintiffs harm or recklessly disregarded near certainty of such harm; or that severe emotional harm indeed occurred. *Ford v. Revlon, Inc.*, 734 P.2d 580 (1987).

/ / /

21

40.     Defendants put Plaintiffs on notice that further affirmative defenses may be added in an amended answer after discovery. During the course of litigation, named Defendants may discover facts which support one or more of the affirmative defenses set forth in Rule 8(c) and/or Rule 12(b) of the Federal Rules of Civil Procedure, and to avoid waiving said defenses, Defendants hereby incorporate them by reference.

WHEREFORE, having fully answered Plaintiffs' FAC, Defendants request that Plaintiffs' FAC be dismissed with prejudice, that Plaintiff takes nothing thereby, that Defendants be awarded their costs A.R.S. § 12-350 and attorneys' fees under A.R.S. §§ 12-349, 13-420 and 42 U.S.C. § 1988, incurred herein, and for such other and further relief as this Court deems just in the premises.

DATED this 20th day of July 2020.

JONES, SKELTON & HOCHULI, P.L.C.

By  /s/ Derek R. Graffious
Michele Molinario
Derek R. Graffious
40 North Central Avenue, Suite 2700
Phoenix, Arizona  85004
Attorneys for Defendants City of Flagstaff,
Nicholas Jacobellis, and Ryan Sherf

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of July 2020, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

 /s/ Cindy Castro

8588056.1